O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS F. GRIFFIN, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES D. ADAMS, et al., <br><br> Defendants. | Case No. CV 15-08618 CAS (RAO) <br><br> **[PROPOSED]** ORDER DENYING MOTION FOR RECONSIDERATION |

On December 4, 2015, Judgment entered in this matter, dismissing the action with prejudice for lack of subject matter jurisdiction. *See* Dkt. Nos. 5-6. The Court is in receipt of Plaintiff's Motion for Reconsideration ("Motion"), which the Court construes as being asserted under Rule 60 of the Federal Rules of Civil Procedure. Having reviewed the Motion, the Court finds that Plaintiff is not entitled to relief.

**I.    DISCUSSION**

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to

> move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

While Plaintiff does not state under which sub-paragraph of Rule 60(b) he is seeking reconsideration, the only portions of Rule 60(b) that could apply are Rules 60(b)(1) or (6).

Rule 60(b)(1) affords relief occasioned by mistake. Such mistakes include the Court's substantive errors of law or fact. *Fid. Fed. Bank, FSB v. Durga Ma Corp.,* 387 F.3d 1021, 1024 (9th Cir. 2004) ("The district court has discretion to correct a judgment for mistake or inadvertence, either on the part of counsel or the court itself."). However, Plaintiff does not expressly allege a mistake by the Court. Rather, Plaintiff repeats assertions previously made in the complaint. A Rule 60(b) motion may not rehash what was previously before the Court. *See Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 296 (9th Cir. 1989); *see also United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("'A party seeking reconsideration must show more than a disagreement with the Court's decision[.]'") (citations omitted). Accordingly, the Court finds that Rule 60(b)(1) does not provide Plaintiff a basis for relief.

Rule 60(b)(6), the so-called "catch-all provision," is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citation and internal quotation marks omitted). In this regard, a party moving for relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with …

the action in a proper fashion." *Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (citation omitted). Rule 60(b)(6) does not identify factors that justify relief, but the Supreme Court has cautioned "that it should only be applied in 'extraordinary circumstances[.]'" *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) (citation omitted). Since Plaintiff has not identified circumstances beyond his control or extraordinary circumstances that would have prevented him from prosecuting this case in a proper fashion, Rule 60(b)(6) also does not provide Plaintiff a basis for relief.

## II.  ORDER

The Court finds that Plaintiff has not demonstrated entitlement to relief under Rule 60(b). IT THEREFORE IS ORDERED that Plaintiff's Motion is DENIED.

DATED: February 4, 2016

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE